(69 South. 855)

No. 21630.

PILSBURRY v. FRICKIE.

In re FRICKIE.

(Oct. 18, 1915.)

*(Syllabus by the Court.)*

COURTS ☞209 — SUPREME COURT — MANDA-
MUS—PROCEDURE.

"No application for an original writ, such
as mandamus, prohibition, certiorari, writ of
review, or the like, or for a rule nisi in such
case, shall be entertained by the court, or any
of its members, unless previously filed and dock-
eted in the clerk's office, and unless previous no-
tice of the intention to make such application
shall have been given to the judge, or judges,
of the inferior court, if he, or they, be made re-
spondents, and to the opposing party, or his
counsel; the service of such notice to be made
to appear by the affidavit of the applicant or
his counsel." Supreme Court Rule 15, § 1 (67
South. xi).

[Ed. Note.—For other cases, see Courts, Cent.
Dig. § 618; Dec. Dig. ☞209.]

Action by E. Pilsburry, trustee, against
A. Frickie, Sr. Judgment for plaintiff, and
defendant applies for writ of mandamus.
Dismissed.

Ponder, Gayer & Ponder, of Franklinton,
for relator. Joseph B. Lancaster, pro se.

SOMMERVILLE, J. Rule 15 (67 South. xi)
of the court prescribes that previous notice
of the intention to make an application to
this court for the issuance of a writ of man-
damus addressed to a trial judge shall be
preceded by a notice of the intention to make
such application to the judge of the trial
court and to the opposing party, or his coun-
sel.

In his return, the trial judge makes answer
that the notice required in rule 15 has never
been given to him, and that if such notice
had been given to him—

"your respondent would have had an opportuni-
ty to give the matter judicial consideration;
and this entire matter could, and in all proba-
bility would, have been amicably and properly
adjusted; that as soon as your respondent
learned that relator was dissatisfied with the
order of appeal, he immediately did all in his

power to have the matter brought before him
for adjustment. And your respondent even
now desires to assure this honorable court that
he has not the slightest desire to deprive the
relator of any legal or equitable right due him
under the law in the premises, or impede in
the slightest manner relator's constitutional
right to prosecute his appeal from the judg-
ment rendered against him by your respondent
in the matter heretofore referred to."

The judge attaches to his return a carbon
copy of a letter dated September 11, 1915,
addressed to him by counsel for the defend-
ant, which he says was received by him
September 21, 1915, seven days after the
application for the writ had been made to
this court. This carbon copy is not such
notice as is contemplated by the rules of the
court, even if the original thereof had been
received by the judge; but the judge says
that the original has never been received
by him. There has been no attempt to show
that notice was served on the opposing party
in the suit, or on his counsel.

The alternative writ of mandamus issued
herein is recalled, and this application is
dismissed, at relator's costs.